UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Ferola,  # 291941,<br><br>     Plaintiff,<br><br>v.<br><br>John Ozmint, Director, SC Dept of Corrections;<br>Collie Rushton, Warden, McCormick Correctional Institution;<br>Leroy Cartledge, Associate Warden at MCCI;<br>Scott Lewis, Major at MCCI;<br>James Parker, Classification Manager at MCCI;<br>James Bawlin, Captain at MCCI;<br>Officer Lewis, Correctional Officer, MCCI;<br>Officer Furgenson, Correctional Officer, MCCI,<br><br>     Defendants. | **C/A No. 0:06-1712-RBH-BM**<br><br><br><br>Report and Recommendation |

  This is a civil rights action filed *pro se* by a state prison inmate. Plaintiff is incarcerated at the Broad River Correctional Institution.

  In the Complaint filed in this case, Plaintiff complains of "excessive force" used by corrections officers in connection with an altercation between Plaintiff and the officers on April 30, 2006 at the McCormick Correctional Institution, his previous place of confinement. Plaintiff also complains that he was subjected to cruel and unusual punishment at McCormick because he was wrongfully denied outside recreation during an allegedly excessive pre-hearing detention in SMU that he received when he was charged with a disciplinary violation, which he claims was "false."

  Following initial review of this case, the undersigned issued Special Interrogatories to Plaintiff, seeking more detailed information about his efforts, if any, to exhaust his South Carolina Department of Corrections (SCDC) administrative grievance remedy relative to his claims. (Entry 5). The document containing the Special Interrogatories began with a specific notification to



Plaintiff that he is legally required to exhaust his SCDC administrative remedies prior to filing a federal lawsuit about matters pertaining to the conditions of his confinement, and that if he failed to do so, his case could be dismissed. (Entry 6). Plaintiff has now submitted his answers to the Special Interrogatories. Id. Plaintiff's response shows that his Step 1 grievance against the corrections officers who allegedly used excessive force was referred to an outside law enforcement agency for investigation, but that investigation had apparently not concluded before the Complaint was submitted in this case. His answers also show that, with respect to his claims about the disciplinary violation charge and the lack of outside recreation during his detention on the charge, Plaintiff did not wait for the conclusion of the Step 2 grievance process before filing this case. (Entry 6, answer 8). As a result, it is clear from the face of the record in this case that Plaintiff's administrative remedies were not exhausted before he filed his Complaint, thus requiring the summary dismissal of this case.

In enacting the Prison Litigation Reform Act of 1996[1] (the PLRA), Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended 42 U.S.C. § 1997e so that it now provides, "No action shall be brought with respect to prison conditions[2] under section 1983 of this title, or any other Federal law,

---

[1] Pub. L. No. 104-134, Title VIII, 110 Stat. 1321-66.

[2] The PLRA does not define the term "prison conditions" for use in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). See Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (specifically requiring exhaustion of plaintiff's equal protection claim). The Second Circuit derives its definition from existing case law, defining prison conditions as "'those aspects of prison life affecting the entire prison population, such as the food,



by a prisoner[3] confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process.[4] The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Woodford v. Ngo, 126 S.Ct. 23878 (2006) (prisoners must "properly exhaust" their administrative remedies before coming into court); Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); see also Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff).

In order to completely exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5, Step I about the matters raised in his Complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden will respond to the Step 1 grievance in writing no later than forty (40)

---

medical care, recreational facilities and the like,'" including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population." Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (per curiam)). Both of these definitions encompass Plaintiff's claims herein.

[3] Subsection (h) defines "prisoner" to mean, in pertinent part, "any person incarcerated or detained in any facility who is **accused of**, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law[.]" Id. § 1997e(h) (emphasis added). Thus, exhaustion of administrative remedies is also required of pretrial detainees.

[4] In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). See the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).



days from the filing of the initial grievance.  If the inmate is not satisfied with the Warden's response, he or she must file an appeal of the Step I grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden.  A responsible official will have *sixty (60) days* to respond to the Step 2 grievance.  Under the specific terms of the applicable SCDC grievance policy, the decision of the "responsible official" who answers Step 2 is the Department's final response in the matter.  SCDC Policy/Procedure # GA-01.12, at § 13.5 (Jan. 1, 2006)(Inmate Grievance System).   Since it does not appear that Plaintiff has even begun a Step 2 grievance procedure relative to his excessive force claim, and since it appears that Plaintiff failed to await the outcome of the Step 2 grievances that he filed about the disciplinary violation charge and the conditions of his disciplinary detention before filing his Complaint with this Court, this case is subject to summary dismissal for lack of exhaustion of administrative remedies.  Requiring Plaintiff to complete the state administrative process before pursuing any federal remedies he may have provides him with an opportunity to prevail and obtain relief within the prison system that will be lost if the federal court proceeds without requiring that remedies be exhausted.

Finally, although the lack of exhaustion of administrative remedies is generally considered an affirmative defense, and not a jurisdictional infirmity, in this Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the Court, *sua sponte* dismissal prior to service of the complaint is appropriate.  Anderson v. XYZ Correctional Health Services, Inc, 407 F. 3d 674, 683 (4th Cir. 2005).  As stated above, Plaintiff's lack of exhaustion in this case is clear from his responses to the Special Interrogatories. (Entry 6).



**Recommendation**

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).  Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

August 16, 2006
Columbia, South Carolina



## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
